UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Larry K. Sauve,                 :
        Petitioner,             :
                                :
    v.                          :          File No. 1:05-CV-215
                                :
Robert Hofmann,                 :
Commissioner, Vermont           :
Department of Corrections,      :
        Respondent.             :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 1, 2 and 5)

Petitioner Larry Sauve seeks a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  Sauve is challenging a

1977 New York felony conviction for attempted robbery,

claiming that his guilty plea was unknowing and

involuntary.  Sauve explains that he is bringing this

challenge now, 28 years after the fact, because he is

being charged criminally in Vermont and his 1977

conviction could result in additional prison time.

The respondent has moved to dismiss the petition

(Paper 5), arguing that Sauve is no longer "in custody"

with respect to his 1977 conviction, that the conviction

must be presumed valid, and that Sauve has not exhausted

his state court remedies.  The motion to dismiss is

unopposed.  For the reasons set forth below, I recommend

that the respondent's motion to dismiss be GRANTED, and

that Sauve's petition be DISMISSED.

Factual Background

On October 24, 1977, Sauve was convicted in state court in Watertown, New York of attempted burglary in the third degree.  The conviction was the result of a plea agreement, and Sauve received a sentence of zero to three years.  Sauve did not appeal his conviction, and the instant petition is his first request for collateral relief.

Sauve claims that he waited 28 years to challenge his conviction because "the judgment of conviction just recently became a problem."  (Paper 1 at 6).  On April 23, 2003, Sauve was charged in Vermont state court with two counts of obstructing justice in violation of 13 V.S.A. § 3015.  On September 9, 2003, the State moved to amend the information to allege that Sauve had been convicted of three prior felonies, including the 1977 New York conviction.  The respondent states that this amendment "enhanced the potential penalty to imprisonment for up to and including life pursuant to Vermont's Habitual Offender statute, 13 V.S.A. § 11.  The amendment was granted on September 11, 2003."  (Paper 5 at 2).

Sauve has been released on bail while he awaits trial.

Id.

In his § 2254 petition, Sauve claims that his guilty plea in 1977 was "unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea." (Paper 1 at 4). Specifically, Sauve contends that he was "young and naive" when he entered his plea, and had "no idea that 28 years down the road this charge would resurface and possibly subject him to further punishment." Sauve also alleges that he contracted Hepatitis C while in County Jail, and that "in essence" he feels that he is "already doing a life sentence." "Any further punishment would be cruel and unusual." Id.

### Discussion

In his motion to dismiss, the respondent argues that Sauve is no longer in custody with respect to his 1977 conviction, and that custody is a prerequisite under § 2254. The "in custody" requirement is jurisdictional, and is satisfied if the petition is filed while the petitioner is in custody pursuant to the conviction or sentence being attacked. Spencer v. Kemna, 523 U.S. 1, 7

(1998) (citing <u>Carafas v. LaVallee,</u> 391 U.S. 234, 238

(1968) and <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989)

(per curiam)).  Although "in custody" has been construed

liberally to include, for example, parole, the Supreme

Court has "never held . . . that a habeas petitioner may

be 'in custody' under a conviction when the sentence

imposed for that conviction has *fully expired* at the time

his petition is filed."  <u>Maleng</u>, 490 U.S. at 491

(emphasis in original).

    In <u>Maleng</u>, as in this case, the question presented

was "whether a habeas petitioner remains 'in custody'

under a conviction after the sentence imposed for it has

fully expired, merely because of the possibility that the

prior conviction will be used to enhance the sentences

imposed for any subsequent crimes of which he is

convicted."  <u>Id.</u> at 492.  The Supreme Court held that

such a petitioner is no longer "in custody" for purposes

of § 2254.  <u>Id.</u>

> Since almost all States have habitual offender
> statutes, and many states . . .  provide for
> specific enhancement of subsequent sentences on
> the basis of prior convictions, a contrary
> ruling would mean that a petitioner whose
> sentence has completely expired could
> nonetheless challenge the conviction for which
> it was imposed at any time on federal habeas.

>   This would read the "in custody" requirement out
>   of the statute . . . .

<u>Id.</u>  Because Sauve's 1977 sentence expired long ago, he

is no longer "in custody" as required under § 2254, and

this Court has no jurisdiction to review his petition.

Even assuming, *arguendo*, that Sauve satisfies the

"in custody" requirement, the respondent argues that he

has failed to exhaust his state court remedies.  Prior to

bringing a petition for habeas corpus pursuant to 28

U.S.C. § 2254, a petitioner must exhaust the remedies

available in state court, or must demonstrate either that

"there is an absence of available State corrective

process" or that "circumstances exist that render such

process ineffective to protect the rights of the

applicant."  28 U.S.C. § 2254(b)(1).  The exhaustion

requirement is grounded in principles of comity and

federalism.  "[I]n a federal system, the States should

have the first opportunity to address and correct alleged

violations of state prisoner's federal rights."  <u>Coleman</u>

<u>v. Thompson</u>, 501 U.S. 722, 731 (1991) (citations

omitted).  In order to satisfy the exhaustion requirement

a petitioner must have presented his claim to the highest

court of the state.  See <u>Fama v. Commissioner of</u>

<u>Correctional Services</u>, 235 F.3d 804, 808-09 (2d Cir.

2000) (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275

(1971)).

Here, Sauve concedes that he has made no attempt to

take his claims to the highest court in either New York

or Vermont.  (Paper 1 at 2-4, 6).  He does, however,

suggest that he can no longer pursue state court

remedies.  Specifically, Sauve states in his petition

that "[r]elief under Article 440 N.Y.S. is not available"

(Paper 1 at 5), presumably referencing New York's rule

for vacating a conviction.  <u>See</u> N.Y. Crim. Proc. Law §

440.10.  The Supreme Court has held that

> once a state conviction is no longer open to
> direct or collateral attack in its own right
> because the defendant failed to pursue those
> remedies when they were available, the
> conviction may be regarded as conclusively valid
> . . . .  If that conviction is later used to
> enhance a criminal sentence, the defendant
> generally may not challenge the enhanced
> sentence through a petition under § 2254 on the
> ground that the prior conviction was
> unconstitutionally obtained.

<u>Lackawanna County District Attorney v. Coss</u>, 532 U.S.

394, 403-04 (2001).[1]  Accordingly, if Sauve is correct

---

[1]   The Supreme Court recognized an exception to this rule when the alleged
constitutional violation consisted of a failure to appoint counsel.  <u>Id.</u>
at 404.  This exception does not apply here, as Sauve makes no such claim.

and relief under New York law is no longer available, §

2254 does not allow him to revive his challenge solely

because he is in danger of a sentence enhancement.  For

these reasons, I recommend that his petition be

DISMISSED.

Conclusion

For the reasons set forth above, I recommend that

the respondent's motion to dismiss (Paper 5) be GRANTED

and Sauve's § 2254 petition (Paper 1) be DISMISSED.

Sauve's motion for appointment of counsel (Paper 2) is

DENIED as moot.

Dated at Burlington, in the District of Vermont,

this 23rd day of December, 2005.


/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation
within 10 days after service by filing with the clerk of
the court and serving on the magistrate judge and all
parties, written objections which shall specifically
identify the portions of the proposed findings,
recommendations or report to which objection is made and
the basis for such objections.  Failure to file
objections within the specified time waives the right to
appeal the District Court's order.  See Local Rules 72.1,
72.3 & 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.
72(b), 6(a) and 6(e).